UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-14042-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES HENDERSON,

    Defendant.
_____/



FILED by _____ D.C.

FEB - 9 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION TO DISCLOSE GRAND JURY TRANSCRIPT [D.E. #65]

**THIS CAUSE** having come on to be heard upon the aforementioned motion and this Court having reviewed the motion as well as the government's response, and this Court otherwise being advised in the premises, makes the following recommendations to the District Court.

    1.    The Defendant's motion states that he needs copies of the grand jury transcripts in order for him to prepare a motion to dismiss, vacate, set aside his conviction and sentence, based upon judicial and/or prosecutorial misconduct before the grand jury. He also requests copies of both Indictments, which are part of the court record and are not sealed as grand jury minutes are. The Defendant's reference to "both indictments" refers to the original Indictment and the Superseding Indictment filed herein.

    2.    The Defendant's motion alleges that the Indictments returned in this case were obtained illegally and that the prosecution committed misconduct in obtaining his conviction in this case. Further, he alleges that a denial of this motion will create a miscarriage of justice and prejudice the Defendant in appealing his case. This Court notes

that the Defendant's appeal has been denied by the Eleventh Circuit Court of Appeals and his conviction and sentence affirmed. This Court will discuss that in greater detail later herein.

3. The Defendant's argument appears to suggest that since the original Indictment in this case was signed by someone other than an authorized foreperson or deputy foreperson of the grand jury, that the subsequent Superseding Indictment to which he later pled guilty and was sentenced, was defective. The Defendant argues the Superseding Indictment was invalid at its inception and could not serve as a basis for his conviction in this case. He is incorrect in his legal assumptions in that regard.

4. This Court points out one further part of the Defendant's motion contained on page 8 of [D.E. #66] as it is recorded in the court file. The page contains only the following statements:

> "White and Mr. Graham might have some finacial [sic] intrest [sic] into St. Lucie County Jail and or Prison Medical Services. Putting themselves in conflict of intrest [sic]. Judicial misconduct."

This Court has no idea who these individuals are to which the Defendant is referring nor what it has to do with the particular facts of this case within the framework of the motion. However, this Court mentions it solely for the purpose of complete disclosure of all of the underlying allegations that the Defendant makes herein.

5. The government's response admits that there was a problem with the signature on the original Indictment which was returned in this case on July 31, 2008. The Indictment was signed by a member of the grand jury who was not the foreperson nor an authorized deputy foreperson of that grand jury. Once this error was noticed, a Superseding Indictment was sought from the same grand jury and was returned on August

7, 2008. This Court will set forth herein a detailed time line of each pertinent occurrence in this case so that the District Court has a better chronological setting within which to view this entire motion.

6. The government's response correctly references that the Defendant was arraigned on the Superseding Indictment on August 8, 2008. At that time, the court minutes do reflect that the undersigned United States Magistrate Judge informed the Defendant and his counsel, who were present at the arraignment, that due to a procedural defect in the signature on the original Indictment, the grand jury had returned the present Superseding Indictment for which the Defendant was in court for arraignment. This Court asked the Defendant and his counsel if they had any objection to being arraigned past the ten day period applicable under Federal Rule of Criminal Procedure 5.1 at that time. Counsel for the Defendant stated that the Defendant had no objection to being arraigned on the Superseding Indictment beyond the original ten day period. This Court notes that the original ten day period under the applicable Rule at that time excluded weekends and holidays. Since that time, the applicable rule governing time periods for arraignment was modified to a fourteen day rule, inclusive of weekends and holidays.

7. The government's response reflects that at the August 8, 2008 arraignment on the Superseding Indictment, this Court specifically stated on the record that the procedural defect regarding the signature on the original Indictment did not affect the probable cause established in the Indictment and Superseding Indictment which charge the identical crime and violation of law. The Court found that the Defendant did not suffer any prejudice as a result of being arraigned four days beyond the ten day time period set forth in the applicable Rule of Criminal Procedure. It is noted that both the original

3

Indictment and the Superseding Indictment are identical in nature. They charge the Defendant with the same criminal conduct, in the same location, on the same date, and in violation of the same federal statute.

8. The Defendant's initial appearance before this Court occurred on July 21, 2008. Based upon the rule applicable at that time, the Defendant was due to be arraigned no later than August 4, 2008 excluding weekends and holidays. The Defendant was actually arraigned on the original Indictment on July 31, 2008. After the Superseding Indictment was returned, the Defendant was arraigned on August 8, 2008 or four days beyond the original August 4, 2008 deadline. The government's response points out that the Defendant did not raise any objection or defect concerning the original Indictment on his direct appeal.

9. The government states that disclosure of grand jury material is governed by Federal Rule of Criminal Procedure 6(e)(3)(E) and that the Defendant must allege some actual or imminent judicial proceeding which requires disclosure of the otherwise sealed materials of the grand jury. The government argues that the Defendant has not shown any particularized need nor any compelling necessity for the disclosure of this material. Finally, the government argues that the Defendant has the burden to establish that the material is (1) needed to avoid possible injustice in another judicial proceeding; (2) that the need for disclosure is greater than the need for continued secrecy; and (3) that the need is structured in such a way to cover only material so necessary for another judicial proceeding.

4

10. The chronological time line in this case is important for the District Court's review. This is a brief synopsis of the time line pertinent to the issues raised in the Defendant's motion as taken from the official court file.

| | |
|---|---|
| July 21, 2008 | Defendant is arrested |
| July 21, 2008 | Defendant appeared before this Court for his initial appearance [D.E. #8] |
| July 31, 2008 | Original Indictment returned by the federal grand jury [D.E. #11] |
| August 1, 2008 | Arraignment on original Indictment [D.E. #12] |
| August 7, 2008 | Superseding Indictment returned by the federal grand jury [D.E. #20] |
| August 8, 2008 | Arraignment on Superseding Indictment with Defendant and Defendant's counsel present [D.E. #21]. The court minutes in the court file reflect that at the arraignment on the Superseding Indictment, the Court advised the Defendant and his attorney, AFPD Dave Brannon, of the improper signatory contained in the initial Indictment and that although outside the ten day rule, both parties do not object for arraignment proceedings on present superseding charges filed August 7, 2008. |
| August 27, 2008 | Change of Plea [D.E. #27]. The undersigned United States Magistrate Judge accepted the Defendant's guilty plea to the sole charge in the Superseding Indictment. The transcript of those proceedings contained in the court file reflects that this Court read the charge set forth in the Superseding Indictment to the Defendant. The penalties were announced by the government on record. The Defendant stated that he understood the charges to which he was pleading guilty and the possible penalties he was facing. Further, a detailed factual basis setting forth all the essential elements of the crime charged in the sole count of the Superseding Indictment was stated on the record by the government and agreed to by the Defendant and his counsel. |

| | |
|---|---|
| August 27, 2008 | Report and Recommendation by the undersigned United States Magistrate Judge in respect to the Defendant's change of plea [D.E. #29]. |
| October 23, 2008 | Judgment and Sentence by the District Court [D.E. #39] |
| July 27, 2009 | Pro Se Notice of Appeal [D.E. #40] |
| August 6, 2009 | Unopposed motion of Federal Public Defender to withdraw from representing the Defendant on appeal [D.E. #41]. The basis of the motion was that the Defendant had filed a Bar complaint against his counsel with the Florida Bar which was ultimately dismissed. Even though no timely appeal was filed by the Defendant subsequent to his conviction, the unopposed motion of the Federal Public Defender reflected that the Eleventh Circuit would consider the Federal Public Defender to continue to represent the Defendant on his pro se appeal. Therefore, the Office of the Federal Public Defender specifically asked to be relieved of that responsibility. |
| August 14, 2009 | Order granting the motion of the Federal Public Defender to withdraw and appointing separate counsel for appeal [D.E. #48]. |
| August 11, 2009 | Pro Se Motion For Attorney on Appeal [D.E. #44]. |
| August 14, 2009 | Order Granting Pro Se Motion For In Forma Pauperis Status and Motion To Appoint Counsel on appeal appointed [D.E. #47]. |
| August 14, 2009 | Order appointing Thomas Butler, Esq., as counsel for the Defendant on appeal [D.E. #49]. |
| April 15, 2010 | Decision of the Eleventh Circuit Court of Appeals affirming the Defendant's conviction in this case. Mandate issued by the Eleventh Circuit on November 3, 2010 [D.E. #60]. |

11. The Eleventh Circuit's mandate in this case stated that counsel representing the Defendant on appeal had moved to withdraw and filed an <u>Anders</u> brief for the Defendant. Further, the mandate goes on to state as follows:

> "Our independent review of the entire record reveals that counsel's assessment of the relative merit of the appeal is correct. Because independent examination of the entire record reveals no arguable issues of merit, counsel's motion to withdraw is GRANTED, and Henderson's conviction and sentenced are AFFIRMED."

## ANALYSIS

12. The general rule is that grand jury proceedings are to be kept secret. <u>United States v. Aisenberg</u>, 358 F.3d 1327 (11th Cir. 2004). There is a limited exception to this general rule which may apply when the grand jury material is sought preliminarily to or in connection with a judicial proceeding. <u>See</u> Fed. R. Crim. P. 6(e)(3)(E). The Defendant seeking such grand jury transcripts in this case bears the burden of showing that:

   (1) The material sought is needed to avoid possible injustice in another judicial proceeding;

   (2) The need for disclosure outweighs the need for continued secrecy; **and**

   (3) The request is structured to embrace only necessary material.

<u>United States v. Williams</u>, 180 Fed. Appx. 108 (11th Cir. 2006).

13. The Defendant's motion alleges prosecutorial misconduct in seeking the original Indictment and/or the Superseding Indictment. The motion is not specific in that regard, so this Court will encompass both Indictments and the proceedings held in respect thereto as being within the ambit of the Defendant's request. An indictment is sufficient if it presents the essential elements of the offense charged, notifies the accused of the charges to be defended against, and enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution. <u>United States v. Steele</u>, 178 F.3d 1320 (11th Cir. 1999). Further, a defendant must object before

7

trial to any defects in an indictment. Failure to do so waives any alleged defects. United States v. Alls, 304 Fed. Appx. 842 (11th Cir. 2008).

14. It is clear from the facts in this case that the Defendant was made aware at his arraignment on the Superseding Indictment held by the undersigned United States Magistrate Judge on August 8, 2008, of the signature defect in the original Indictment. Both the Defendant and his counsel were present at the arraignment on the Superseding Indictment and were so informed by the Court. Further, this Court asked specifically whether the Defendant had any objections to being arraigned on the Superseding Indictment a short time beyond the ten day limit set forth in the applicable Rule of Criminal Procedure. The Defendant, through counsel, stated that he had no objections.

15. The Defendant was then advised of the charges in the Superseding Indictment and the possible maximum penalties he was facing. The Defendant then entered his plea of not guilty and the matter was set for trial. Thereafter, on August 27, 2008, the Defendant entered his guilty plea before the undersigned United States Magistrate Judge as reflected in the chronological time line listed above. The transcript of the change of plea proceeding reflects that this Court read the charge in the Superseding Indictment to the Defendant and he acknowledged that was the crime to which he is pleading guilty. The Defendant was also advised of the possible maximum penalties that he was facing. The Defendant pled guilty to the sole charge pending in that Superseding Indictment and was subsequently sentenced by the District Court after the District Court adopted this Court's Report and Recommendation in respect to the Defendant's guilty plea.

16. The Defendant did not raise any objection or claim of defect prior to the time that he entered his guilty plea before the undersigned United States Magistrate Judge. He

8

was made aware of the signature defect in the original Indictment by this Court on the record at his arraignment on the Superseding Indictment on August 8, 2008. No objection was made at that time nor subsequently. By failing to raise any claim of defect in either the original Indictment, the Superseding Indictment or the timing of his arraignment on the Superseding Indictment before trial, the Defendant has waived any such objections. United States v. Dulcie, 441 F.3d 1269 (11th Cir. 2006).

17. The Defendant apparently did not raise these issues on direct appeal either. It is this Court's understanding of the case law cited above that he would not be able to raise it on direct appeal since he did not raise it before the trial court. However, as the Eleventh Circuit's opinion reads, an independent review of the entire record was made and the Court of Appeals found no basis for granting any portion of the Defendant's appeal.

18. In the case of Ward v. United States, 694 F.2d 654 (11th Cir. 1983), an indictment and superseding indictment were returned against the defendant. The defendant was subsequently convicted of the charges set forth in the superseding indictment. The trial court thereafter dismissed the original indictment pursuant to the government's motion after the defendant's conviction. The Eleventh Circuit found that unless otherwise pointed out by credible evidence, the superseding indictment was presumed to have been properly returned by the grand jury and the dismissal of the first indictment by the trial court subsequent to the defendant's conviction on the superseding indictment, did not affect his conviction under that superseding indictment. Therefore, it appears to this Court that the invalidity of a previous indictment or the subsequent dismissal thereof does not affect an otherwise valid superseding indictment returned in the case.

19.  This Court would point out that a defect in the original Indictment regarding the signature of the foreperson is a procedural defect. Failure to make a timely objection would constitute a waiver as mentioned by this Court previously. A challenge to personal jurisdiction is a claim of defect in instituting the prosecution and such a challenge is to be raised before the trial court or it is waived. United States v. Isaac Marquez, 594 F.3d 855 (11th Cir. 2010). By way of analogy, even an Apprendi error wherein an indictment did not allege any specific amount of narcotics was found to not be a jurisdictional defect and may even be procedurally defaulted on collateral review. United States v. Williams, 2009 WL 29410 (S.D. Fla. 2009). This Court views the question of the signature on the original Indictment as being a procedural defect. The Defendant does not substantiate any claims of prosecutorial misconduct nor does he elaborate in any fashion as to what the alleged misconduct was.

20.  Finally, in addressing the issue of need set forth in the Defendant's motion, he appears to claim that he is going to file a habeas petition to vacate his sentence. In order to do so, he can only raise issues which were raised on appeal unless he can establish cause for some actual prejudice for not being aware that such claim was available to him. The Defendant cannot do so in this case since he is making a challenge to the return of the original Indictment and the Superseding Indictment. All of this information was available to the Defendant and his counsel before he was even arraigned on the Superseding Indictment on August 8, 2008. When a defendant fails to pursue a particular available claim on direct appeal, a court considering a subsequent motion to vacate or set aside or correct a conviction will not consider such a claim unless the

defendant can establish cause for the default and actual prejudice resulting therefrom. Castro v. United States, 248 F.Supp.2d 1170 (S.D. Fla. 2003).

21.     The Defendant is not alleging a claim of ineffective assistance of counsel. He is specifically narrowing himself to the return of the Indictments in this case. This Court would point out again for the District Court that the Defendant's counsel on appeal was not counsel who represented him at the trial court level. The Office of the Federal Public Defender was permitted to withdraw from representing the Defendant on appeal. Therefore, any ineffective assistance of counsel claim could have been brought on direct appeal since his counsel on appeal, Mr. Butler, was not the attorney representing the Defendant at the trial court level. None of the issues set forth by the Defendant in this motion were raised on direct appeal. They would be subject to procedural default in respect to any subsequent motion to vacate which the Defendant is attempting to fashion unless he can come within one of the limited exceptions . See also Macer v. United States, 538 U.S. 500 (2003).

22.     This Court recommends that the Defendant's motion be denied since he has not established that there is a need for this grand jury material to avoid a possible injustice in another judicial proceeding. There is no separate judicial proceeding alleged nor even contemplated by the Defendant's motion. The mere fact that he may wish to fashion a subsequent motion to vacate, which is presently not before any court, does not satisfy this requirement. Secondly, the Defendant's need for disclosure does not outweigh the need to maintain grand jury secrecy in respect to these types of materials sought by the Defendant. Thirdly, the Defendant's request is broad and is not limited in any fashion. He

asks for all grand jury materials/transcripts which appear to involve all grand jury sessions in respect to the original Indictment and the Superseding Indictment.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's Motion To Disclose Grand Jury Transcript [D.E. #65] be **DENIED**.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this 9th day of February, 2011, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
ASA Rinku Tribuiani

James M. Henderson
Reg. No. 76058-004
FCI Elkton
P.O. Box 10
Lisbon, Ohio 44432